IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORLEAN D. A.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 22-cv-00195-SH |

## OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), Plaintiff Dorlean D. A. seeks judicial review of the decision of the Commissioner of Social Security (the "Commissioner") denying her claims for disability benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, 1381-1383f. In accordance with 28 U.S.C. § 636(c), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court reverses and remands the Commissioner's decision denying benefits.

**I.   Disability Determination and Standard of Review**

Under the Act, a "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also id*. § 1382c(a)(3)(A) (regarding disabled individuals). The impairment(s) must be "of such severity that [the claimant] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id*. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Social Security regulations implement a five-step sequential process to evaluate disability claims. 20 C.F.R. § 404.1520.[1] To determine whether a claimant is disabled, the Commissioner inquires into: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe medically determinable impairment(s); (3) whether the impairment meets or equals a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the claimant can still do her past relevant work; and (5) considering the RFC and other factors, whether the claimant can perform other work. *Id.* § 404.1520(a)(4)(i)-(v). Generally, the claimant bears the burden of proof for the first four steps. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At the fifth step, the burden shifts to the Commissioner to provide evidence that other work the claimant can do exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).[2] "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Judicial review of the Commissioner's final decision is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a scintilla but means only "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] *See generally* 20 C.F.R. § 416.920 for Title XVI. (Where possible, the body of this opinion will reference the Title II regulations and provide, the first time mentioned, a parallel citation for Title XVI.)

[2] *See generally* 20 C.F.R. § 416.960 for Title XVI.

conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Grogan*, 399 F.3d at 1262, but it will neither reweigh the evidence nor substitute its judgment for that of the Commissioner, *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Background and Procedural History

Plaintiff applied for Title II and Title XVI disability benefits in 2016. (R. 13, 199-236.) Plaintiff alleged she has been unable to work since November 7, 2014,[3] due to conditions including right shoulder rotator cuff issues, depression, bulging discs, a pinched nerve, anxiety, crying spells, problems sleeping, severe right leg pain below her knee, and an inability to stand or sit for too long. (R. 223, 266.) Plaintiff was 64 years old at the time of the current Administrative Law Judge's ("ALJ") decision. (R. 221, 231, 716.) She has a high school education and past relevant work as a certified nurse's aid, blood donor recruiter, phlebotomist, and production assembler. (R. 267, 751-52.)

Plaintiff's claims for benefits were denied initially and upon reconsideration. (R. 124-32, 135-40.) Plaintiff requested a hearing before an ALJ, which the ALJ conducted on March 22, 2018. (R. 29-71, 141-42.) The ALJ then issued a decision denying benefits and finding Plaintiff not disabled. (R. 13-23.) The Appeals Council denied review

---

[3] After filing her original application for benefits, Plaintiff amended her alleged disability onset date to November 7, 2014. (R. 223.) A later application, however, listed an earlier date in 2012. (R. 231.) At both the hearing (R. 727-28) and in his decision (R. 706), the ALJ treated November 7, 2014, as the operative date. Plaintiff appears to agree. (ECF No. 11 at 1.)

3

on February 25, 2019. (R. 1-5.) Plaintiff appealed to the District Court (R. 782-83), and Judge Jodi F. Jayne affirmed the ALJ's decision (R. 784-796).

After the Supreme Court handed down *Carr v. Saul*, 141 S. Ct. 1352 (2021), however, the Tenth Circuit vacated the District Court's judgment and remanded the matter. (R. 797.) In accordance with the Tenth Circuit's determination, the District Court and Appeals Council remanded the case for new proceedings before a validly appointed ALJ. (R. 799-800, 802-05.) A second hearing was held before another ALJ on December 2, 2021. (R. 723-56.) The ALJ again denied benefits and found Plaintiff not disabled. (R. 703-16.) Plaintiff filed no exceptions, and the Appeals Council declined to assume jurisdiction, rendering the decision final on February 28, 2022. *See* 20 C.F.R. § 404.984(c)-(d).[4] Plaintiff now appeals.

### III. The ALJ's Decision

In his decision, the ALJ found Plaintiff met the insured requirements for Title II purposes through December 31, 2020. (R. 706.) The ALJ then found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 7, 2014. (*Id.*) At step two, the ALJ found Plaintiff had the following severe impairments: (1) osteoarthritis/tendinitis of the right rotator cuff, status post repair; (2) osteoarthritis of the knees; (3) obesity; (4) depression; and (5) anxiety. (R. 706-07.) At step three, the ALJ found Plaintiff's impairments did not meet or equal a listed impairment. (R. 707-08.)

After considering certain evidence, the ALJ concluded that Plaintiff had the RFC to perform "less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)" with additional limitations. As relevant here, this ALJ found Plaintiff could

---

[4] *See generally* 20 C.F.R. § 416.1484 for Title XVI.

only lift 10 pounds occasionally and less than 10 pounds frequently—a more restrictive finding than that of the prior ALJ. (*Compare* R. 708 *with* R. 17 (determining Plaintiff could lift up to 10 pounds frequently and 20 pounds occasionally).) The ALJ also found that Plaintiff could "understand, remember, and carry out simple tasks with only occasional public contact." (R. 708.) The ALJ then provided a recitation of the evidence that went into this RFC finding. (R. 708-15.)

At step four, the ALJ found Plaintiff was able to perform her past relevant work as a production assembler and blood donor recruiter not as generally performed, but as actually performed.[5] (R. 715-16.) Accordingly, the ALJ concluded Plaintiff was not disabled. (R. 716.)

## IV.   Issues

Plaintiff asserts the ALJ erred by determining, at step four, that Plaintiff could perform her past relevant work. (ECF No. 11 at 7-12.) Having reviewed the ALJ's decision and the administrative record, the Court agrees.

## V.   Analysis

At step four, the ALJ considers the claimant's RFC and assesses her ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ is required to make findings in three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In phase one, the ALJ evaluates the claimant's mental and physical RFC. *Id.*

---

[5] The ALJ's decision also stated that Plaintiff could perform her past relevant work as a blood bank custodian, nurse assistant, and phlebotomist. (R. 715.) This is inconsistent with the VE's testimony (R. 752-54), and the ALJ's own reasoning, which only mentioned the two jobs listed above (R. 716). The parties' arguments assume that only these two jobs were past relevant work. (*See* ECF No. 11 at 7; ECF No. 16 at 2.) As such, the reference to the additional jobs appears to be a mere scrivener's error that does not affect the outcome of the case. *See Poppa v. Astrue*, 569 F.3d 1167, 1172 n.5 (10th Cir. 2009).

In phase two, the ALJ examines the demands of the claimant's past relevant work. *Id.* Here, the ALJ must obtain adequate factual information about the work demands that have a bearing on Plaintiff's medically established limitations. *Id.* at 1024. The ALJ can obtain this information from numerous sources, including the claimant, the VE, or the Dictionary of Occupational Titles ("DOT"). *See* 20 C.F.R. § 404.1560(b)(2).

In phase three, the ALJ then ascertains "whether the claimant has the ability to meet the job demands found in phase two despite the . . . [RFC] limitations found in phase one." *Winfrey*, 92 F.3d at 1023 (citing Social Security Ruling ("SSR") 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982)). "In making the phase-three findings, an 'ALJ may rely on information supplied by the VE at step four,' but 'the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform [her] past relevant work.'" *Zaricor-Ritchie v. Astrue*, 452 F. App'x 817, 825 (10th Cir. 2011) (unpublished)[6] (quoting *Winfrey*, 92 F.3d at 1025). It is the claimant's burden at step four to show that she is unable to perform her past relevant work "*both* as she actually performed that work in the past *and* as it is generally performed in the national economy." *Adams v. Colvin*, 616 F. App'x 393, 394 (10th Cir. 2015) (unpublished) (emphasis in original).

In this case, the ALJ determined that Plaintiff could perform her past relevant work ("PRW") of production assembler and blood donor recruiter "as actually performed." (R. 716.) Plaintiff argues this determination was not supported by substantial evidence. (ECF No. 11 at 8-12.) Specifically, Plaintiff points out that the ALJ's finding regarding the blood donor recruiter job was inconsistent with Plaintiff's RFC and the VE's hearing

---

[6] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

testimony. (*Id.* at 8-10.) As for the production assembler job, Plaintiff discusses her original testimony as to how the job was performed—including "lifting a maximum of 20 pounds" (*id.* at 7)—and later highlights her potentially inconsistent testimony that "she did not lift much,"[7] as well as other questions the ALJ failed to ask (*id.* at 10). Plaintiff then argues the ALJ's "assessment of how the Assembly job was actually performed [was] incomplete and flawed." (*Id.*) The Court finds both arguments persuasive.

### A. Blood Donor Recruiter.

First, regarding the blood donor recruiter job, the Commissioner concedes that the ALJ's step-four findings were in error. (ECF No. 16 at 8.) This Court agrees.

At the hearing, the ALJ posed multiple hypothetical questions to the VE to help determine whether she could return to her PRW. Unlike the RFC in the decision, the first hypothetical did not contain a limitation to "occasional public contact." (R. 708, 752-53.) In response, the VE testified that the blood donor recruiter job would be available as actually performed. (R. 753.) However, when posed with a second hypothetical that included the limitation to "occasional public contact," the VE testified that the blood donor recruiter job would be precluded because it required "more than occasional public contact." (R. 753-54.) This testimony is consistent with the DOT's description of the job. DOT § 293.357-010, 1991 WL 672577 (4th ed. 1991) (requiring the claimant "[c]ontact[] prospective donor groups to explain requirements and benefits of participation in blood donor program," "[v]isit[] prospective or participating blood donor group to discuss blood program," and "[p]articipate in panel discussions, dramatizations, and debates . . . [and] [s]peak extemporaneously on a variety of subjects"). Despite these discrepancies, the ALJ

---

[7] At the later hearing, Plaintiff testified the production assembler job did require her to lift more than 5 pounds. (R. 742.)

7

retained a limitation to "occasional public contact" in the decision and concluded that Plaintiff was capable of performing her PRW as a blood donor recruiter. (R. 708, 716.) As this finding was inconsistent with the VE's testimony and the DOT, the undersigned agrees that it was not supported by substantial evidence and that the ALJ erred at phase three of the step-four analysis.

### B.   Production Assembler.

Second, Plaintiff argues the ALJ did not properly determine how her past work as a production assembler was actually performed. (ECF No. 11 at 10-11.) The Commissioner disagrees on this point. (ECF No. 16 at 8.) While the Court finds most of Plaintiff's arguments unpersuasive, it agrees that an unresolved conflict in the record rendered the ALJ's phase-two findings unsupported.

As Plaintiff notes (ECF No. 11 at 7), during her 2018 hearing, she testified that the heaviest weight she lifted as a production assembler was 20 pounds. (R. 43-44.) This is inconsistent with her 2021 testimony, where she indicated that she did not have to lift more than 5 pounds. (R. 742.) While the ALJ discussed Plaintiff's 2018 testimony (R. 709), he omitted her statement about the lifting requirement and did not otherwise mention it in his decision. Moreover, while his step-four analysis relied, in part, on testimony from the VE about how Plaintiff actually performed[8] the production assembler job (R. 716), the VE's findings were based solely on Plaintiff's testimony at the 2021 hearing (R. 753 (findings as to available jobs were made "per the [Plaintiff's] testimony").)

---

[8] The VE was required to rely on how Plaintiff actually performed the product assembler job because the DOT description of the job as generally performed requires the occasional exertion of up to 20 pounds of force. *See* DOT § 706.687-010, 1991 WL 679074. The ALJ did not determine whether this exertional requirement was consistent with the RFC contained in his decision.

There is no indication that the VE was aware of the conflicting statement from the 2018 hearing.

The Court holds that the ALJ's failure to reconcile this critical discrepancy in Plaintiff's hearing testimony renders his step-four findings unsupported by substantial evidence. *Cf. Moreno v. Colvin*, 179 F. Supp. 3d 991, 998-99 (D. Colo. 2016) (finding error where the ALJ failed to reconcile the inconsistencies between the plaintiff's hearing testimony and work report as to the heaviest weight lifted and the amount of walking involved in the plaintiff's past relevant work). "Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'" *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)). Pursuant to SSR 82-62, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level[,] exertional demands and nonexertional demands of such work." SSR 82-62, at *3. Thus, Plaintiff's testimony constitutes significantly probative evidence regarding how she actually performed her past work. Despite an inconsistency in this testimony, the ALJ did not acknowledge the discrepancy in his written decision, and he did not explain how he resolved the inconsistency or why he chose to credit Plaintiff's 2021 hearing testimony over her 2018 statements. Although the ALJ is "entitled to resolve any evidentiary conflicts in the record," *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), the ALJ's failure to explain why he disregarded portions of Plaintiff's significantly probative hearing testimony constitutes error. *See Clifton*, 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss . . . <u>significantly probative</u> evidence he rejects." (emphasis

added)); *cf. also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) (In assessing the RFC, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence" of record were considered and resolved.)

In her response, the Commissioner argues that the ALJ's step-four findings were based on substantial evidence because they relied on the VE's testimony, which, in turn, relied on Plaintiff's statements regarding the exertional requirements of her production assembler job. (ECF No. 16 at 8-11.) Yet, as the Court has already noted, the VE's testimony did not account for Plaintiff's 2018 hearing testimony, which was inconsistent with her 2021 testimony.

### C. Harmless Error.

Furthermore, the ALJ's error is not harmless. A lifting requirement of 20 pounds exceeds Plaintiff's RFC. (R. 708 (limiting plaintiff to lifting 10 pounds).) The undersigned is not in a position to consider this discrepancy for the first time or to make any findings as to how the ALJ would have ruled had he considered it. *See Haga*, 482 F.3d at 1207-08 (the Court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself"). Specifically, courts may not engage in a "post hoc effort to salvage the ALJ's decision [that] would require [it] to overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). Thus, the undersigned cannot say that "based on the material the ALJ . . . at least consider[ed] (just not properly) . . . no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen*, 357 F.3d 1140, 1145 (10th Cir. 2004).

Moreover, according to the Medical-Vocational Guidelines (commonly called the "Grids"), a claimant is disabled if: (1) she is limited to light work, (2) is of advanced age, (3) is a high school graduate, and (4) has no transferable skills from previous work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.06.  Here, (1) Plaintiff's RFC is for light work (R. 708); (2) at 64 years old on the date of the ALJ's decision, she is of advanced age, 20 C.F.R. § 404.1563(e);[9] (3) having completed the 12th grade, she has a high school education, *id.* § 404.1564(b)(4);[10] and (4) the VE testified that she has no transferrable skills from her past work as a production assembler[11] (R. 752, 754-55).  Thus, if the ALJ had considered—and credited—testimony that Plaintiff's PRW required lifting 20 pounds, he could have found her unable to perform her PRW, resulting in a finding of disabled under Rule 202.06.  The ALJ, however, did not make this finding, and it is not one this Court can supply on appeal.

## VI.  Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

SO ORDERED this 18th day of August, 2023.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[9] *See generally* 20 C.F.R. § 416.963 for Title XVI.

[10] *See generally* 20 C.F.R. § 416.964 for Title XVI.

[11] The VE testified that there "would be transferability" from the blood-donor recruiter job (R. 752), but, as discussed above, this job is inconsistent with Plaintiff's RFC.

11